*1839.*

Waller
v.
Harris.

---

## WALLER *vs.* HARRIS.

Upon an appeal from the court of chancery to the court for the correction of
errors, the party making the case is not entitled to charge by the folio for
the printed copies of his points delivered to the members of the court upon
the argument. But he is to be allowed for the points in the same manner
as if they actually were a part of the case; that is, at the rate of twenty-
five cents a folio for the draft, ten cents a folio for the copy to be signed
by counsel, and for another copy for the printer, and the actual expense of
printing all the other copies which may be necessary.

Where the party who is to be charged with the costs upon the appeal wishes
to avail himself of the objection that the points were unnecessarily prolix,
he must make the objection before the taxation of the costs. And if the
taxing officer, from an examination of the points in connection with the
printed case, is satisfied that the objection is well taken, he must disallow
the charge for the folios which were unnecessary.

Whether the attorney, upon a writ of error to the court for the correction of
errors, is entitled to charge by the folio for all the printed points which are
required, for the use of the members of the court upon the argument of
the cause; QUÆRE?

THIS was an application for a re-taxation of the defend-
ant's costs upon an appeal from this court to the court for

*April 2.*

1839.

Waller
v.
Harris.

the correction of errors. The charges objected to, as to which a re-taxation was sought, were for drawing points for argument, thirty-six folios, at twenty-eight cents ; and for thirty-nine copies thereof, at seven cents a folio ; amounting together to the sum of $108,36.

*A. Taber*, for the complainant.

*J. Holmes*, for the defendant.

The Chancellor. At the time of the adoption of the present fee bill, as contained in the revised statutes, the points which were to be relied upon in argument constituted a part of the printed case, or cases, which were to be delivered to the court previous to the hearing. (*See 6th and 12th Rules of April*, 1827. *9 Cowen's Rep.* 288.) No separate provision for the draft or copies of points was therefore contained in the fee bill. Neither was the second item of the solicitor's fee bill on appeals, intended to embrace the allowances to be made for the draft or the copies of points ; which were otherwise provided for in that fee bill, as a part of the case. As a part of the case, the solicitor was entitled to charge for the points, twenty-five cents a folio for the draft and ten cents a folio for two copies, one to be signed by counsel and another for the printer ; and for the actual expense of printing the other necessary copies for the court and counsel, to be used on the argument. The allowance for engrossing of papers, mentioned in the second item, certainly could not have been intended to apply to the numerous printed copies of papers which were to be furnished to the members of the court for the correction of errors at the hearing. For by a reference to the fee bill in chancery it will be seen that the allowance for engrossing is at the rate of fourteen cents a folio ; and a charge for engrossment is only allowed where the paper is to be filed as a record of the court.

It is true that since the adoption of that fee bill the court, by an amendment of its rules, has separated the points from the other part of the case ; the object of which

amendment was to give to each party the full time, down to the commencement of the argument, to prepare his points and get them printed. Such in fact was the practice before the change in the rules took place; as the points were generally printed separately from the rest of the case. This slight modification in the rules, however, could not alter the legislative allowance for services which were substantially the same as before; nor authorize the solicitor to claim an exorbitant allowance for these printed copies, as engrossments within the meaning of the second item of the fee bill on appeals. The charges for these services must therefore be taxed at the same rate that they would have been, if the rules of the court had declared that the points should still be considered as a part of the case made and printed for the use of the court. The respondent's solicitor must be allowed at the rate of twenty-five cents a folio for the draft of his points, and ten cents a folio for the two copies, to be signed by counsel and for the printer; and the actual expense of printing the necessary copies to be used on the argument.

No decision upon the construction of the fee bill in relation to writs of error can aid much in the settlement of questions upon that part of the fee bill which relates to the costs upon appeals. The language of the two sections of the fee bill, relative to the fees of solicitors and the fees of attornies, in the court for the correction of errors, is entirely different; neither is the amount of the allowance for similar services the same in both. The same difference also exists between the fees in the supreme court and the fees in the court of chancery. In the supreme court the allowance for copies and for engrossing is the same— twelve and a half cents the folio; and no distinction is made between papers which are to be engrossed and filed as records, and copies of papers to be used for ordinary purposes. But in the court of chancery fee bill, the allowance for engrossing papers is double that of ordinary copies. And, as I have before said, none are to be engrossed except such as are eventually to be filed as records of the court. I have not, however, been able to find any decision

of the supreme court in which it has been held that the at-
torney, upon writs of error to the court of dernier resort,
is entitled to charge at the rate of twelve and a half cents
for every folio in all the numerous printed copies of the
points delivered to the members of that court at the hear-
ing. And if such an allowance has been made by a taxing
officer, upon the concession of the parties and without ar-
gument, it is not entitled to the weight of a judicial decis-
ion.

The objection in this case that the points were unneces-
sarily long, is not sustained by any thing in the papers be-
fore me on this application. Since the adoption of the rule
requiring the authorities to be added to the points, as a part
thereof, it would be difficult for any taxing officer, with-
out seeing the points and knowing something of the ques-
tions in controversy between the parties, to say that it was
impossible that points properly drawn could contain thirty-
six folios, including the authorities relied on in support of
them. If the party opposing the taxation wished the tax-
ing officer to decide the question of prolixity, as he is au-
thorized and required to do under the statute, (2 *R. S.* 653,
§ 5,) such party should have furnished him with the means
of determining that question, by the production of a copy
of the points, with a copy of the printed case, or in some
other manner.

The costs must be re-taxed. Three cents are to be de-
ducted from each folio in the draft of the points, so as to
reduce it to twenty-five cents ; two copies are to be allowed
at ten cents a folio each ; and the printer's bill must be sub-
stituted in place of the allowance for the other thirty-seven
copies. And the re-taxation is to be without costs to either
party.