## IN EQUITY.

### GRAY VS. SCHENCK.

#### TAXATION OF COSTS.

Points on argument on pleadings and proofs under 94th, now 73d rule of the Court of Equity.

The heads of an argument, together with the authorities cited, but not the argument at length, are embraced under the term points.

*Costs.*—In this case the complainant's solicitor inserted in his bill of costs for taxation, a charge for drawing points for hearing on pleadings and proofs, folio 80, at twenty-eight cents, and copy at seven cents; also one copy for court, and one copy for opposite solicitor, amounting in all to $39.20. The charge was claimed to be allowed under the 94th rule of the Court of Chancery, which is the same in this respect as the 73d rule of this Court in Equity, and under the second paragraph in the fourteenth section of the fee-bill. (2 R. S. 719, 3d ed.)

WILLARD, Justice.—The 94th rule requires each party to deliver to the court, and to the adverse party a copy of the points on which he relies, and the fee-bill allows for drawing every bill, &c., &c., *or proceeding* in a cause, and for *every necessary copy.* The 5th section of title 5, chapter 10 of part 3, (2 R. S. 743, 3d ed.,) requires the taxing-officer "to strike out all charges for services which, in his judgment, were not necessary to be performed, and for all folios in pleadings, entrys or *proceedings,* which were unnecessarily inserted." In *Erwin* v. *Deyo,* 2 Wend. 285, this court refused to allow a party for unnecessary counts in declaration, and for witnesses, beyond a limited number, to a question of character in an action of slander. *Ingraham* v. *Graves,* 6 Wend. 536, affidavits used by a Defendant on a successful motion for judgment as in case of non-suit, amounting to thirty-nine folios, were directed by this court to be taxed at four folios; and a similar rule in regard to voluminous pleadings, was adopted in *Cole* v. *Greene,* 12 Wend. 248.

The object of points is to furnish the court with the leading positions insisted on by the counsel; or, in other words, the heads of his argument. Under these it is customary and allowable to subjoin the authorities intended to be used on the argument. But the argument itself, written out at length, or even an extended abridgement of it, is not a proper charge against the adverse party, under the name of points. It is obvious that no definite number of folios can be prospectively fixed on as a limit, in cases of this kind. When the rights of parties are complicated, and the pleadings and testimony are voluminous, points judiciously framed are a great aid to the court, and if not extended beyond reasonable. bounds, are properly taxable. The taxing-officer can generally determine this on an inspection of the papers, and from the statements of the counsel. In the present case, I shall reduce the bill as to the points, to ten folios, that being all that was necessary to state the heads of the argument, and the authorities referred to. See *Walker* v. *Harris*, 7 Paige, 479, which arose under the rule of the Court of Errors, requiring authorities to be cited in points.